**Below is the Order of the Court.**

Brian D. Lynch
**Brian D. Lynch**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

IN THE UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: | Case No. 20-40353-BDL |
| COLUMBIA NUTRITIONAL, LLC, a Washington limited liability company, | ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED JULY 24, 2020 (As Modified August 26, 2020) |
| Debtor. | |

Debtor's First Amended Plan of Reorganization dated July 24, 2020 came on for hearing on August 26, 2020. The Court has heard and considered the evidence introduced at the hearing, proposed final modifications to the plan introduced at the hearing, the arguments of counsel, and the records in this case; now, therefore,

**THE COURT HEREBY FINDS AND CONCLUDES** that:

A.    This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the plan is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    Notice of the confirmation hearing was provided to creditors and other parties in interest pursuant to Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 3017, and 3020, and Local Bankruptcy Rules 2002-1, 3017-1, and 3020-1.

C.    The disclosure statement, plan, and ballots were transmitted and served, and votes

ORDER CONFIRMING DEBTOR'S FIRST AMENDED
PLAN OF REORGANIZATION DATED JULY 24, 2020 (As
Modified August 26, 2020)- Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    for acceptance of the Plan were solicited pursuant to Title 11 of the United States Code (the

2    "Bankruptcy Code") Sections 1125 and 1126 and Bankruptcy Rules 2002, 3017, and 3018, and

3    Local Bankruptcy Rules 2002-1, 3017-1, and 3018-1.

4        D.      The First Amended Plan of Reorganization dated July 24, 2020 (as modified

5    August 26, 2020) [ECF Doc. No. 294] (the "Plan") complies with the applicable provisions of

6    the Bankruptcy Code and Bankruptcy Code Section 1129(a)(1) has been satisfied.

7        E.      Debtor has complied with all applicable provisions of the Bankruptcy Code and

8    Bankruptcy Code Section 1129(a)(2) has been satisfied.

9        F.      The Plan was proposed in good faith and not by any means forbidden by law, and

10    Bankruptcy Code Section 1129(a)(3) has been satisfied.

11        G.      Bankruptcy Code Section 1129(a)(4) has been satisfied because all of Debtor's

12    payments for services or costs and expenses have been approved or will be made with Court

13    approval if required.

14        H.      Debtor has disclosed the identity and affiliation of any individual proposed to

15    serve, after confirmation of the Plan, as a director or officer of Reorganized Debtor,[1] and the

16    appointment to, or continuance in, such office of such individual is consistent with the interests

17    of creditors and equity security holders and with public policy. Debtor has disclosed the identity

18    of any insider that will be employed or retained by Reorganized Debtor and the nature of any

19    compensation for such insider. Therefore, Bankruptcy Code Section 1129(a)(5) has been

20    satisfied.

21        I.      No governmental regulatory commission has jurisdiction over the rates of Debtor,

22    and Bankruptcy Code Section 1129(a)(6) is not applicable.

23        J.      Bankruptcy Code Section 1129(a)(7) has been satisfied because each holder of a

24    Claim in an impaired class of claims has accepted the Plan or will receive or retain under the

25    Plan on account of such Claim property of a value as of the Effective Date of the Plan that is not

26

---

[1] All initially capitalized terms not defined herein are defined in the Plan.

ORDER CONFIRMING DEBTOR'S FIRST AMENDED
PLAN OF REORGANIZATION DATED JULY 24, 2020 (As
Modified August 26, 2020)- Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  less than the amount such holder would receive or retain if Debtor was liquidated under

2  Chapter 7 of the Bankruptcy Code.

3       K.     Bankruptcy Code Section 1129(a)(8) has not been satisfied. Pursuant to

4  Bankruptcy Code Section 1126(g), two impaired classes of claims (Classes 4 and 5) did not vote

5  and therefor did not accept the Plan, and the one class of equity interests (Class 9) is deemed to

6  not have accepted the Plan because the holders of such interests are not entitled to receive or

7  retain any property under the Plan on account of such interests.

8       L.     Bankruptcy Code Section 1129(a)(9) is satisfied because:

9       1.     The Plan provides for payment in full of all Administrative Expenses on

10  the Effective Date of the Plan unless the holder of an Administrative Expense agrees to different

11  treatment. The Debtor has segregated funds for payment of the Debtor's and Unsecured

12  Creditors' Committee's (the "Committee") professionals retained in the case once their claims

13  are allowed, which will be used to pay a portion of such fees. On August 18, 2020, the

14  Committee's attorneys filed a statement regarding confirmation or the Plan [ECF No. 282],

15  seeking assurance that their fees would be paid in full upon allowance by the Court. Based on the

16  evidence submitted at the confirmation hearing, the Committee's attorneys have agreed to accept

17  payment of their unpaid fees in two equal monthly installments once their final fee applications

18  are approved by the Court, one-half upon allowance and the other one-half the following month.

19  The Debtor's professionals have agreed to accept payment over time as funds become available;

20       2.     The Plan provides for the payment in full of all allowed Non-Tax Priority

21  Claims on the Effective Date; and

22       3.     The Plan provides for payment in full of Priority Tax Claims of a total

23  value, as of the Effective Date, equal to the allowed amount of such claim, in regular

24  installments over a period not later than five years from the Petition Date in a manner not less

25  favorable than the most favored nonpriority unsecured claim provided for by the Plan.

26       M.     Bankruptcy Code Section 1129(a)(10) is satisfied because at least one class of

ORDER CONFIRMING DEBTOR'S FIRST AMENDED
PLAN OF REORGANIZATION DATED JULY 24, 2020 (As
Modified August 26, 2020)- Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL    Doc 296    Filed 08/28/20    Ent. 08/28/20 10:00:59    Pg. 3 of 41

1     impaired claims has accepted the Plan, determined without including the acceptance of the Plan

2     by any insider. Non-insider classes 2, 3, 7, and 8 all accepted the Plan.

3           N.     Bankruptcy Code Section 1129(a)(11) is satisfied because confirmation of the

4     Plan is not likely to be followed by the liquidation or further financial reorganization of Debtor.

5           O.     The Plan satisfies Bankruptcy Code Section 1129(a)(12) because all fees payable

6     under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on

7     the Effective Date of the Plan. The Plan further provides that all post-confirmation fees accrued

8     prior to closing of the case will be paid when due.

9           P.     Bankruptcy Code Sections 1129(a)(13) – (16) do not apply to the Debtor or the

10     Plan.

11           Q.     The Plan satisfies Bankruptcy Code Section 1129(b) because all of the applicable

12     provisions of Section 1129(a) of the Bankruptcy Code are satisfied other than paragraph (8) and

13     the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of

14     claims or interest that is impaired under, and has not accepted, the Plan.

15           1.     Classes 4 and 5, the secured claims of the Debtor's equipment finance

16     companies, Sumitomo and CIT, did not vote to accept the plan. The Plan must therefore satisfy

17     the provisions of Bankruptcy Code Section 1129(b)(2)(A). This section is satisfied because the

18     Class 4 and 5 secured creditors will each retain the liens securing its claim, will be entitled to an

19     allowed secured claim equal to the replacement value of its collateral, and will receive deferred

20     payments equal to the allowed amount of its secured claim, of a value, as of the Effective Date of

21     the Plan, of at least the value of its interest in the estate's interest in the collateral securing its

22     claim.

23           2.     Class 9, the Debtor's equity interests, is not retaining or receiving any

24     property on account of such interests, and is deemed not to have accepted the Plan. The Plan

25     must therefore satisfy the provision of Bankruptcy Code Section 1129(b)(2)(C). This section is

26     satisfied because the Debtor's equity interests have no value and even though the Debtor's equity

ORDER CONFIRMING DEBTOR'S FIRST AMENDED
PLAN OF REORGANIZATION DATED JULY 24, 2020 (As
Modified August 26, 2020)- Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  interests are being cancelled, the Class 9 interest holders are receiving or retaining the value of

2  their interests which is $0. Furthermore, there are no holders of any interests that are junior to

3  the interests of the Class 9 interest holders. Therefore, no junior interests are receiving or

4  retaining any property on account of such junior interests.

5       R.    The Plan provides for the assumption of the Debtor's lease of its Vancouver,

6  Washington headquarters and manufacturing facility. The Debtor's landlord filed a

7  precautionary objection to confirmation noting that the in order for the lease to be assumed the

8  Debtor must cure all defaults upon assumption, including payment of prepetition unpaid rent, a

9  materialman's lien, and a utility bill all totaling $49,010,20, and the landlord's attorney's fees

10  that are estimated to total approximately $8,500 as of confirmation. Based on the evidence

11  provided at the confirmation hearing the Debtor has the ability to cure, and will cure, all defaults

12  and pay all of the amounts due to the landlord upon assumption of the lease.

13       **NOW, THEREFORE, IT IS HEREBY ORDERED**:

14       1.    The Plan is confirmed in all respects pursuant to 11 U.S.C. § 1129. All

15  objections have either been overruled or are addressed in this Order. Initially capitalized terms

16  used but not defined in this Order shall have the meaning assigned to them in the Plan. A copy

17  of the Plan is attached hereto.

18       2.    The Debtor's and Reorganized Debtor's assumption of the lease with

19  Sifton Industrial, LLC ("Sifton") is hereby approved. The Reorganized Debtor shall cure

20  defaults in the amount of $40,338.30 and pay Sifton's attorney's fees incurred in this case

21  immediately upon and as a condition to assumption of the lease. In addition, within 30 days

22  from the entry of this order, the Reorganized Debtor will pay to Geared Mechanical, Inc.

23  ("GMI") $8,677.00 and obtain a release of its materialman's lien against the leased property, or

24  file an objection to GMI's claim and lien and take whatever further steps are necessary to have

25  GMI's materialman's lien released against the leased property, with any hearing required on the

26  Reorganized Debtor's objection to GMI's claim taking place within 60 days of the date that this

ORDER CONFIRMING DEBTOR'S FIRST AMENDED
PLAN OF REORGANIZATION DATED JULY 24, 2020 (As
Modified August 26, 2020)- Page 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    order is entered.

2               3.      All claims and causes of action of Debtor or Debtor's estate, including all

3    claims and causes of action arising from or under Chapter 5 of the Bankruptcy Code, but

4    excluding any claims against Columbia State Bank as described in Section 4.2 of the Plan which

5    claims are expressly released under the Plan, are expressly preserved. This Order shall not be a

6    bar, nor have any adverse effect due to issues of standing, res judicata, or otherwise, to the

7    Reorganized Debtor's pursuit of such claims and causes of action.

8               4.      Debtor, Reorganized Debtor, and their agents and officers, are hereby

9    authorized and directed to take all actions, and enter into and execute all documents, reasonably

10    necessary or appropriate to effectuate the Plan and to consummate the transactions contemplated

11    by the Plan or this Order.

12              5.      Except as otherwise expressly provided in the Plan or this Order, Debtor

13    shall be entitled to a discharge in accordance with Bankruptcy Code Section 1141.

14              6.      If there is any conflict between the Plan and this Order, the terms of this

15    Order shall control.

16              7.      To the extent any provision designated herein as a finding of fact is more

17    properly characterized to be a conclusion of law, it shall be so deemed, and vice versa.

18              8.      This Order shall be deemed to be in recordable form, and shall be accepted

19    by any recording officer for filing and recording purposes without further or additional orders,

20    certifications, or other supporting documents.

21              9.      This order shall become effective on August 31, 2020, and shall not be

22    stayed pursuant to Bankruptcy Rule 3020(e).

23                             ### End of Order ###

24    ///

25    ///

26    ///

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1   **AGREED AS TO FORM AND**
    **NOTICE OF PRESENTMENT WAIVED:**
2
    BLAKELEY LLP
3
            */s/ Ronald A. Clifford*
4   By:_____
            Ronald A. Clifford, CSBA No. 246542
5           Attorneys for Official Committee of Unsecured Creditors
6   FOSTER GARVEY P.C.
7           */s/ Jason M. Ayres*
    By _____
8       Jason M. Ayres, WSBA No. 39141
        Attorneys for Columbia State Bank
9
    LAW OFFICE OF TIMOTHY J. DACK
10
            */s/ Timothy J. Dack*
11  _____
    Timothy J. Dack, WSBA No. 18870
12  Attorney for Sifton Industrial, LLC
13  PRESENTED BY:
14  SUSSMAN SHANK LLP
15  */s/ Thomas W. Stilley*
16  _____
    Thomas W. Stilley, WSBA # 21718
    Attorneys for Debtor and Debtor-in-Possession
17
    *25550-003\ORDER CONFIRMING FIRST AMENDED PLAN DATED JULY 24, 2020 (AS MODIFIED AUGUST 26, 2020) (03534977);2
18
19
20
21
22
23
24
25
26

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1

2

3

4

5

6

7

8                    IN THE UNITED STATES BANKRUPTCY COURT

9                 WESTERN DISTRICT OF WASHINGTON AT TACOMA

10   In re:                                    )   Case No. 20-40353-BDL
                                               )
11   COLUMBIA NUTRITIONAL, LLC, a              )   DEBTOR'S FIRST AMENDED PLAN OF
     Washington limited liability company,     )   REORGANIZATION
12                                             )   DATED JULY 24, 2020 (as Modified
                        Debtor.                )   August 26, 2020)
13                                             )
                                               )
14   _____)

15

16

17

18

19

20

21

22

23

24

25

26

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1          **TABLE OF CONTENTS**

2     1.         DEFINITIONS ....................................................................................................1

3     2.         TREATMENT OF UNCLASSIFIED CLAIMS ...........................................8

4          2.1    Administrative Expense Claims .......................................................8

5          2.2    Priority Tax Claims ..........................................................................8

6     3.         CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS....................9

7     4.         TREATMENT OF CLASSES OF CLAIMS AND EQUITY INTERESTS ....9

8          4.1.   Class 1: Non-Tax Priority Claims ....................................................9

9          4.2    Class 2: Columbia State Bank Claims ..............................................9

10         4.3    Class 3: Regents Capital/Bryn Mawr Equipment Finance Claims............................12

11         4.4    Class 4: Regents Capital/Sumitomo Machinery & Equipment Finance Claims..........13

12         4.5    Class 5: CIT Bank Machinery & Equipment Finance Claims ...................13

13         4.6    Class 6: DIP Lenders' Claims ........................................................14

14         4.7    Class 7: Administrative Convenience Claims.................................14

15         4.8    Class 8: General Unsecured Claims ..............................................14

16         4.9    Class 9: Equity Interests.................................................................16

17    5.         EXECUTORY CONTRACTS AND UNEXPIRED LEASES....................16

18         5.1    Assumed Employee and Retiree Benefit Plans ..............................16

19         5.2    Assumed Leases ..............................................................................16

20         5.3    General; Rejected if Not Assumed ................................................16

21         5.4    Claims for Contract Rejection .......................................................17

22    6.         MEANS FOR IMPLEMENTATION OF THE PLAN ................................17

23         6.1    Capitalization and Issuance of Membership Interests ...................17

24         6.2    Post-Confirmation Business Operations ........................................18

25

26

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

| | | | |
|---|---|---|---|
| 1 | 6.3 | Closing | 18 |
| 2 | 6.4 | Performance of Post-Confirmation Obligations | 19 |
| 3 | 6.5 | Objections to Claims | 19 |
| 4 | 6.6 | Provisions Governing Distributions | 19 |
| 5 | 6.6.1 | Distribution Only to Holders of Allowed Claims | 19 |
| 6 | 6.6.2 | Transmittal of Distributions | 20 |
| 7 | 6.6.3 | Timing of Distributions | 21 |
| 8 | 6.6.4 | Form of Distributions | 21 |
| 9 | 6.6.5 | No Professional Fees or Expense | 21 |
| 10 | 6.7 | Closing of the Case | 21 |
| 11 | 7. | CONDITIONS PRECEDENT | 21 |
| 12 | 7.1 | Conditions to Effectiveness | 21 |
| 13 | 7.2 | Waiver of Conditions | 22 |
| 14 | 8. | EFFECTS OF PLAN CONFIRMATION | 22 |
| 15 | 8.1 | Discharge | 22 |
| 16 | 8.2 | Vesting | 22 |
| 17 | 8.3 | *Exculpation And Limitation Of Liability* | 23 |
| 18 | 9. | MISCELLANEOUS PROVISIONS | 23 |
| 19 | 9.1 | Retention of Jurisdiction | 23 |
| 20 | 9.2 | Modification of Plan | 24 |
| 21 | 9.3 | Severability | 24 |
| 22 | 9.4 | Post-Confirmation Professional Fees and Expenses | 24 |
| 23 | 9.5 | Headings | 25 |
| 24 | 9.6 | Computation of Time Periods | 25 |
| 25 | | | |
| 26 | | | |

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

| | | | |
|---|---|---|---|
| 1 | 9.7 | Notices | 25 |
| 2 | 9.8 | Post-Confirmation Court Approval | 26 |
| 3 | 9.9 | Election Pursuant to Section 1129(b) of the Bankruptcy Code | 26 |
| 4 | 9.10 | Consummation of the Plan | 27 |
| 5 | 9.11 | Exemption from Transfer Taxes | 27 |
| 6 | 9.12 | Waivers | 27 |
| 7 | 9.13 | Setoffs, Recoupments, and Defenses | 27 |
| 8 | 9.14 | Compromise of Controversies | 28 |
| 9 | 9.15 | Withdrawal or Revocation of the Plan | 28 |
| 10 | 9.16 | Default | 28 |
| 11 | 9.17 | Filing and Payment of Allowed Administrative Expenses | 29 |
| 12 | 9.18 | Payment of United States Trustee Fees | 29 |
| 13 | 9.19 | Governing Law | 29 |
| 14 | 9.20 | Reservation of Rights | 29 |
| 15 | 9.21 | Plan Controls | 30 |
| 16 | 9.22 | Successors and Assigns | 30 |

17
18
19
20
21
22
23
24
25
26

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1      Columbia Nutritional, LLC. (the "Debtor") proposes this First Amended Plan of

2 Reorganization dated July 24, 2020 (as modified August 26, 2020) (the "Plan") pursuant to the

3 provisions of Chapter 11 of the Bankruptcy Code.

4 **1.**    **DEFINITIONS.**

5      For purposes hereof, any term used in an initially capitalized form in this Plan will have

6 the defined meaning ascribed to it in either Section 101 of the Bankruptcy Code or in the

7 definitions set forth below. All definitions in the Bankruptcy Code and below will be subject to

8 the rules of construction set forth in Section 102 of the Bankruptcy Code. Whenever the context

9 requires, such terms include the singular as well as the plural, the masculine gender includes the

10 feminine, and the feminine gender includes the masculine. Any specific references to promissory

11 notes, deeds of trust or other debt instruments, or security documents includes any amendments,

12 modifications, and extensions thereto. Nothing contained in this Plan constitutes an admission or

13 denial by any party of liability for, or the validity, priority, or extent of any Claim, lien, or security

14 interest asserted against the Debtor or against any third party.

15      **"Administrative Expense"** means a Claim for an administrative expense of a kind

16 specified in Section 503(b) of the Bankruptcy Code and referred to in Section 507(a)(2) of the

17 Bankruptcy Code including, without limitation, the actual, necessary costs and expenses of

18 preserving the Debtor's estate and operating the Debtor's business including Current Obligations,

19 compensation for professional services and reimbursement of expenses awarded under Sections

20 330(a) or 331 of the Bankruptcy Code, and all fees and charges assessed against the Debtor's estate

21 under Chapter 123 of Title 28, United States Code.

22      **"Administrative Expense Bar Date"** means, unless extended by the Court, the first

23 Business Day that follows the 30th day after the Effective Date, or such other date as fixed by the

24 Bankruptcy Court, by which any Claim for an Administrative Expense must be filed with the

25 Bankruptcy Court or such Claim will be forever barred.

26      **"Administrative Claimant"** means a Person or Entity asserting a right to payment of a

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    Claim for an Administrative Expense.

2        **"Allowance Date"** means, with respect to a Claim, the date such Claim becomes Allowed.

3        **"Allowed"** means, with respect to a Claim, the extent to which: (a) the Claim is agreed to

4    by the Claimant and the Debtor, (b) the Claim is expressly allowed in this Plan, or (c) proof of

5    such Claim was (i) timely filed with the Bankruptcy Court, (ii) deemed filed pursuant to Section

6    1111(a) of the Bankruptcy Code, or (iii) tardily filed with leave of the Bankruptcy Court, and, in

7    any case, as to which the Claim is not Disputed or the Claim is Disputed and is allowed by a Final

8    Order.

9        **"Avoidance Actions"** means those rights and causes of action that may be asserted by a

10    trustee or debtor-in-possession, to avoid and recover transfers, liens, or obligations, described in

11    Sections 544, 545, 546, 547, 548, 549, and 550 of the Bankruptcy Code, and any other actions

12    provided for under applicable law that allows a trustee or debtor-in-possession to avoid certain

13    transfers.

14        **"Ballot"** means the ballot that is used by a Creditor to accept or reject the Plan.

15        **"Bankruptcy Code"** means the Bankruptcy Reform Act of 1978, principally codified in

16    11 USC Section 101, *et seq*., and any amendments thereto applicable to these Cases.

17        **"Bankruptcy Court"** means the United States Bankruptcy Court for the Western District

18    of Washington.

19        **"Bankruptcy Rules"** means the Rules and Forms of Practice and Procedures in

20    Bankruptcy promulgated under 28 USC § 2075, as amended, and the local rules and general orders

21    of the Bankruptcy Court, as applicable to Chapter 11 cases, together with all amendments and

22    modifications from time to time thereto.

23        **"Business Day"** means any day other than Saturday, Sunday, or a "legal holiday," as that

24    term is defined in Bankruptcy Rule 9006(a).

25        **"Case"** means the case commenced by the Debtor under Chapter 11 of the Bankruptcy

26    Code and now pending before the Court.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL    Doc 296    Filed 08/28/20    Ent. 08/28/20 10:00:59    Pg. 13 of 41

1      **"Cash"** means cash, cash equivalents, bank deposits, and negotiable instruments payable

2 on demand.

3      **"Chapter 11 Professionals"** means the Debtor's Professionals, and any professionals

4 retained by any official committees pursuant to Section 1103(a), wherever they are collectively

5 referred to in the Plan.

6      **"Claim"** means any claim, as that term is defined in Section 101(5), arising on or before

7 the Confirmation Date.

8      **"Claimant"** means a Creditor that asserts a Claim.

9      **"Claims Bar Date"** means the deadline set by the Court, or any other date established

10 pursuant to Local Bankruptcy Rule 1009-1(c)(3), for filing proofs of claim in the Case.

11      **"Claims Bar Date Notice"** means the *Notice of Deadline to File Claims* mailed to

12 Creditors and other interested parties providing notice of the Claims Bar Date, and any other notice

13 provided pursuant to Local Bankruptcy Rule 1009-1(c)(3).

14      **"Claims Bar Date Order"** means the applicable order of the Bankruptcy Court setting the

15 Claims Bar Date.

16      **"Claims Objection Bar Date"** means, unless extended by the Court, the first Business

17 Day that follows the 60th day after the Effective Date, or such other date as fixed by the Bankruptcy

18 Court, by which any objection to a Claim must be filed with the Bankruptcy Court or such

19 objection will be forever barred.

20      **"Closing"** means a Reorganized Debtor's execution and delivery of the Plan Documents

21 and its tender of any payments required to be made upon entry of the Confirmation Order as more

22 particularly described in this Plan.

23      **"Committee"** means the official committee of unsecured creditors appointed by the United

24 States Trustee in this Case.

25      **"Confirmation Date"** means the date of the entry of the Confirmation Order.

26      **"Confirmation Order"** means the order confirming this Plan.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL    Doc 296    Filed 08/28/20    Ent. 08/28/20 10:00:59    Pg. 14 of 41

1         **"Contingent"** means, with respect to a Claim, a Claim that has not accrued or is not

2 otherwise payable and the accrual of which or the obligation to make payment on which is

3 dependent upon a future event that may or may not occur.

4         **"Court"** means the Bankruptcy Court.

5         **"Creditor"** means any creditor, as that term is defined in Section 101(10) of the

6 Bankruptcy Code.

7         **"Current Obligations"** means (a) all accounts payable and other liabilities or obligations

8 of the Debtor that arose or accrued in the ordinary course of that Debtor's business during this

9 Case, and (b) any taxes that were incurred subsequent to the Petition Date and became or become

10 legally due and payable by a Debtor subsequent to the Petition Date and prior to the Effective Date.

11         **"Debtor"** means Columbia Nutritional, LLC, a Washington limited liability company.

12         **"Debtor Actions"** means any and all claims, causes of action, and enforceable rights of

13 the Debtor against third parties including, without limitation, claims of the Debtor for recovery of,

14 or based upon, or in any manner arising from or related to damages, general or exemplary (or

15 both), or other relief relating to (or based upon) (a) indebtedness owing to the Debtor; (b) fraud,

16 negligence, gross negligence, willful misconduct, or any other tort actions; (c) breaches of

17 contract; (d) violations of federal or state laws (including corporate and securities laws); (e)

18 breaches of fiduciary or agency duties; (f) disregard of the corporate form or piercing the corporate

19 veil or other liability theories; (g) avoidance of transfers or obligations under Chapter 5 of the

20 Bankruptcy Code or under state law; and (h) any other claim of the Debtor to the extent not

21 specifically compromised or released pursuant to this Plan or an agreement referred to, or

22 incorporated into, this Plan.

23         **"Debtor Action Recoveries"** means the rights of a Debtor to any and all proceeds or other

24 relief from (a) any award, judgment, relief, or other determination rendered or made as to any

25 Debtor Action; or (b) any compromise or settlement of any Debtor Action.

26         **"Debtor's Professionals"** means the Debtor's Chief Restructuring Officer, the Debtor's

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1 attorneys, and other professionals that the Debtor has retained or may retain to provide professional

2 services, all in accordance with Sections 327(a), 327(e), and 328(a) of the Bankruptcy Code, and

3 as approved by the Bankruptcy Court.

4       **"Disallowed"** means, with respect to any Claim, the extent to which the Claim has been

5 disallowed pursuant to (a) a Final Order, (b) an agreement between the Claimant and the Debtor

6 or Reorganized Debtor against whom the Claim is asserted, or (c) the terms of the Plan.

7       **"Disclosure Statement"** means the Disclosure Statement regarding this Plan, including all

8 exhibits and schedules attached thereto and referenced therein prepared by the Debtor pursuant to

9 Section 1125 of the Bankruptcy Code and approved by the Bankruptcy Court, as such Disclosure

10 Statement may be amended and modified from time to time.

11       **"Disputed"** means, with respect to a Claim, that an objection to such Claim has been timely

12 filed as provided in this Plan, or such Claim is listed as disputed in the Debtor's schedules filed

13 with the Bankruptcy Court, and such objection or dispute has not been resolved by Final Order, or

14 by agreement between the Claimant and the Debtor or Reorganized Debtor.

15       **"District Court"** means the United States District Court for the Western District of

16 Washington.

17       **"Effective Date"** means the first Business Day on which all conditions to effectiveness

18 specified in Section 7.1 of this Plan have been satisfied or waived.

19       **"Equity Investors"** means the Reorganized Debtor's members/equity owners, including

20 the DIP Lenders and other persons or entities that have provided postpetition financing to the

21 Debtor during the Case whose loans will be converted to equity in the Reorganized Debtor, or that

22 provide capital contributions to the Reorganized Debtor upon confirmation of the Plan, and the

23 Debtor's Professionals that elect to convert a portion of their allowed Administrative Expense

24 claims to equity in the Reorganized Debtor,.

25       **"Estate"** means the bankruptcy estate of the Debtor as created under Section 541 of the

26 Bankruptcy Code.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL   Doc 296   Filed 08/28/20   Ent. 08/28/20 10:00:59   Pg. 16 of 41

1    **"Estimated Amount"** means the amount at which the Bankruptcy Court or the District

2    Court, pursuant to 28 USC § 157(b)(2)(B), Section 502(c) of the Bankruptcy Code, and

3    Bankruptcy Rule 3018(a), as the case may be, estimates any Claim or class of Claims that is

4    Contingent, unliquidated, or disputed, including, without limitation, any wrongful death or

5    personal injury tort Claim or class thereof, for the purpose of (a) allowance, (b) distribution,

6    (c) confirming this Plan pursuant to Section 1129 of the Bankruptcy Code, (d) voting to accept or

7    reject this Plan pursuant to Section 1126 of the Bankruptcy Code, or (e) for any other purpose.

8    **"Estimation Order"** means an order of the Bankruptcy Court or the District Court, as

9    applicable, that determines the Estimated Amount of any Claim or Claims for any purpose,

10   whether individually or as part of an aggregate.

11   **"Final Order"** means an order, judgment, ruling, or decree of the Bankruptcy Court, the

12   District Court, or any other court having jurisdiction over the subject matter, that has not been

13   reversed, stayed, modified, or amended, and as to which the time for filing a notice of appeal, a

14   petition for certiorari or request for certiorari, or a request for rehearing shall have expired.

15   **"General Unsecured Claim"** means any Claim against the Debtor that is not an

16   Administrative Expense Claim, a Priority Tax Claim, or a Claim that is otherwise classified under

17   the Plan.

18   **"Net Profits"** means the Reorganized Debtor's total revenue less its operating expenses,

19   interest paid, depreciation and amortization, and taxes, including payments to holders of

20   Administrative Expense Claims and other Allowed Claims under the Plan.

21   **"Non-Tax Priority Claim"** means any Claim which, if Allowed, would be entitled to

22   priority under Section 507(a)(1) through (7), (9), and (10) of the Bankruptcy Code.

23   "**Petition Date**" means the date the Debtor filed the petition commencing its Case.

24   **"Plan"** means this First Amended Plan of Reorganization, and any and all modifications

25   and/or amendments thereto.

26   **"Plan Documents"** means all agreements, documents, and exhibits, as the same may be

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 6

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL    Doc 296    Filed 08/28/20    Ent. 08/28/20 10:00:59    Pg. 17 of 41

1 amended, modified, supplemented, or restated from time to time, that are necessary or appropriate

2 to implement, authorize, consummate, and operate the Plan.

3     **"Plan Interest Rate"** means the interest rate for deferred payments under this Plan, which

4 rate will be the weekly average 1-year constant maturity (nominal) Treasury yield as of the

5 Effective Date, as published by the Federal Reserve System.

6     **"Priority Tax Claim"** means a Claim that, if Allowed, would be entitled to a priority in

7 payment under Section 507(a)(8) of the Bankruptcy Code.

8     **"Proponent"** means the Debtor as the proponent of the Plan.

9     **"Pro Rata"** means proportionate, and when applied to a Claim means the ratio of the

10 amount distributed on account of an Allowed Claim in a class to the amount distributed on account

11 of all Allowed Claims in such class.

12     **"Released Parties"** means the Debtor and Reorganized Debtor, the Committee, and all of

13 their respective present or former officers, directors, members, managers, employees,

14 representatives, attorneys, and agents acting in such capacity.

15     **"Reorganized Debtor"** means the Debtor on and after the Effective Date.

16     **"Representatives"** means the current and former officers, directors, managers, agents,

17 attorneys, employees, and legal representatives of a Person or Entity.

18     **"Secured Claim"** means any Claim, including interest, fees, and charges as determined

19 pursuant to Section 506(a) of the Bankruptcy Code, against the Debtor that is (a) secured in whole

20 or in part as of the Petition Date by a lien on any of the assets or property of the Debtor, which lien

21 is valid, perfected, and enforceable under applicable law and is not subject to avoidance under the

22 Bankruptcy Code or applicable non-bankruptcy law, but only to the extent of the value of the assets

23 or property securing any such Claim; or (b) subject to setoff under Section 553 of the Bankruptcy

24 Code, but only to the extent of the amount subject to such setoff.

25     **"Statement of Financial Affairs"** means the Debtor's Statement of Financial Affairs, and

26 any amendments or supplements thereto, filed by the Debtor with the Bankruptcy Court pursuant

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 7

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL   Doc 296   Filed 08/28/20   Ent. 08/28/20 10:00:59   Pg. 18 of 41

1     to Bankruptcy Rule 1007.

2           **"Temporarily Allowed"** means temporarily allowed for any purpose other than

3     distribution on a Claim pursuant to Bankruptcy Rule 3018(a) or otherwise.

4           **"Unresolved"** means, with respect to a Claim, a Disputed Claim that has not been Allowed

5     or Disallowed for distribution purposes.

6     **2.**       **TREATMENT OF UNCLASSIFIED CLAIMS.**

7         **2.1**     **Administrative Expense Claims.**

8           The Reorganized Debtor will pay all holders of Allowed Administrative Expenses the full

9     amount of their Allowed Administrative Expenses in Cash either (a) on or as soon as reasonably

10     practicable following the Effective Date, or, if later, the Allowance Date; or (b) upon such terms

11     as may be agreed to in writing by the Administrative Expense Claimant and the Debtor; provided,

12     however, that any Current Obligations will be paid in full in the ordinary course of the Debtor's

13     and Reorganized Debtor's business in accordance with the terms and conditions of any agreement

14     relating thereto. The Debtor's Professionals will have the option to convert up to 25% of their

15     Administrative Expense Claims to equity in the Reorganized Debtor on the same basis as the DIP

16     Lenders pursuant to Section 6.1 of the Plan.

17         **2.2**     **Priority Tax Claims.**

18           The Reorganized Debtor will pay all holders of Priority Tax Claims the full amount of their

19     Allowed Priority Tax Claims, together with interest from and after the Effective Date at the rate

20     determined pursuant to 11 USC § 511, in equal monthly installments of principal and interest to

21     commence within 30 days following the Effective Date, with the final payment to be made on or

22     prior to February 6, 2025. The Reorganized Debtor will be free to prepay all or any portion of

23     such Claims at any time, including those payments anticipated to be made pursuant to Section 6.3

24     of the Plan. Upon the Claimant's receipt of any such payment, the remaining principal balance, if

25     any, of such Claimant's Claim shall be re-amortized and paid in equal monthly installments of

26     principal and interest over the period between the date of such payment and February 6, 2025.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 8

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL   Doc 296   Filed 08/28/20   Ent. 08/28/20 10:00:59   Pg. 19 of 41

1     3.     **CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS**.

2         All Claims and Equity Interests, except Administrative Expenses and Priority Tax Claims,

3 are placed in the following classes for all purposes. A Claim is classified in a particular class only

4 to the extent the Claim qualifies within the description of that class and is classified in a different

5 class to the extent the Claim qualifies within the description of that different class. If a Claim is

6 acquired or transferred, the Claim will be placed in the class where it would have been placed if it

7 were owned by the original holder of such Claim. If a Claimant has more than one Claim in the

8 same class, such Claims will be aggregated and treated as a single Claim. If a Claimant has Claims

9 in different classes, such Claims will be aggregated only within the same class and not between

10 classes.

11             Class 1: Non-Tax Priority Claims

12             Class 2: Columbia State Bank Claims

13             Class 3: Regents Capital/Bryn Mawr Machinery & Equipment Finance Claims

14             Class 4: Regents Capital/Sumitomo Machinery & Equipment Finance Claims

15             Class 5: CIT Bank Machinery & Equipment Finance Claims

16             Class 6: DIP Lenders' Claims

17             Class 7: Administrative Convenience Claims

18             Class 8: General Unsecured Claims

19             Class 9: Equity Interests

20     4.     **TREATMENT OF CLASSES OF CLAIMS AND EQUITY INTERESTS**.

21         4.1     **Class 1: Non-Tax Priority Claims.**

22         The holders of Class 1 Non-Tax Priority Claims will be paid the full amount of their

23 Allowed Claims on or about the Effective Date, or if later the Allowance Date. Class 1 is

24 unimpaired.

25         4.2     **Class 2: Columbia State Bank Claims.**

26         CSB's claim will be split into three parts, portions A, B, and C. Portion A is an Allowed

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 9

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL   Doc 296   Filed 08/28/20   Ent. 08/28/20 10:00:59   Pg. 20 of 41

Secured Claim equal to $3,100,000, less up to $100,000 in adequate protection payments received by CSB on or after June 10, 2020 and prior to the Effective Date, less any proceeds received from the collection on trade insurance claims. CSB will retain its liens and security interests in the same categories of collateral in which it held liens and security interests on the Petition Date, with the same priority as its liens and security interests had on the Petition Date, to secure its Allowed Secured Claim. The Reorganized Debtor will maintain insurance on such collateral for the full insurable value.

Portion A will be further split into two parts, A-1 and A-2 as follows:

Portion A-1: Traditional Operating Line of Credit;

    a. Credit Limit: $2,000,000 fully advanced as of the Effective Date (assumes $100,000 in adequate protection payments received prior to the Effective Date);

    b. Interest rate: CSB base rate (currently 3.25%) + 3.25% per annum, with a floor of 6.5%;

    c. Term: 36 months from the Effective Date;

    d. Payments: in accordance with CSB's customary terms for a traditional line of credit, which requires monthly borrowing base certificates, collateral exams, and a sweep account for A/R collection;

    e. Advance Rates:

        1. A/R insured: 85%

        2. A/R uninsured: 80%

        3. Inventory: 30%

    f. Collateral: Primarily secured by all inventory and accounts, together with all equipment, general intangibles, and all other collateral that secured CSB's prepetition claims, and cross-collateralized with Portion A-2 below.

Portion A-2: Term Loan;

    a. Principal balance: $1,000,000 as of the Effective Date;

    b. Interest rate: 7.00% per annum;

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 10

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

| | |
|---|---|
| 1 | c. Term: 60 months from the Effective Date; |
| 2 | d. Payments: equal monthly amortizing payments of principal equaling |
| 3 | $16,666.67 *plus* accrued interest with payments set up on auto debit commencing the 30th day following the Effective Date, with subsequent |
| 4 | payments on the same day of each month thereafter; |
| 5 | e. Collateral: Primarily secured by all equipment, together with all inventory, |
| 6 | accounts, general intangibles, and all other collateral that secured CSB's prepetition claims, and cross-collateralized with Portion A-1 above. |
| 7 | Portion B: Unsecured Priority Claim on Reorganized Debtor's Net Profits |
| 8 | a. Original balance: $650,000 as of the Effective Date; |
| 9 | b. Payments: |
| 10 | (1) The greater of $100,000 or 20% of Net Profits for 2021 payable in two |
| 11 | equal installments of not less than $50,000 each, with the first payable on or before February 15, 2022, and the second payable on or before |
| 12 | June 15, 2022; |
| 13 | (2) 25% of Net Profits for 2022 payable within 45 days following the |
| 14 | Reorganized Debtor's fiscal year end; and |
| 15 | (3) 30% of Net Profits for 2023 and each year thereafter until the full |
| 16 | $650,000 has been paid, payable within 45 days following the Reorganized Debtor's fiscal year end of each applicable calendar year. |
| 17 | Portion C: Any remaining claim of CSB will be treated as a Class 8 general unsecured |
| 18 | claim. |
| 19 | The Reorganized Debtor and CSB will enter into mutually acceptable notes, security |
| 20 | agreements, and other loan documents containing CSB's customary terms and conditions for loans |
| 21 | and obligations of the types described above to implement the treatment afforded to CSB's claims |
| 22 | under the Plan. The Reorganized Debtor will be free to prepay all or any portion of the amounts |
| 23 | owing to CSB at any time without any charge or prepayment penalty. The Reorganized Debtor |
| 24 | acknowledges and agrees that any and all alleged claims against CSB (the "CSB Claims") were |
| 25 | released pre-petition pursuant to the terms of a Forbearance and Modification Agreement and |
| 26 | subsequent First Amendment to Forbearance and Modification Agreement. Notwithstanding the |

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 11

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1 prior releases of the CSB Claims, the Debtor acknowledges and agrees that CSB's agreement to

2 settle the treatment of its claims for purposes of this Plan, including CSB's agreement to extend a

3 line of credit for post-confirmation operations, constitutes additional sufficient consideration for a

4 complete release of any and all claims existing on or prior to the Effective Date which the Debtor

5 or the estate could pursue against CSB ("Global CSB Claims"), including but not limited to the

6 CSB Claims. Accordingly, the Debtor will not to object to any of CSB's claims against the Debtor

7 in the bankruptcy proceedings as modified by the terms of this Plan, nor will the Debtor, or any

8 party of behalf of the estate, including but not limited to the Committee, assert or pursue any of

9 the released CSB Claims or Global CSB Claims. Class 2 is impaired.

10 **4.3 Class 3: Regents Capital/Bryn Mawr Machinery & Equipment Finance**

11 **Claims**.

12 Regents Capital and Bryn Mawr Equipment Finance ("Regents/Bryn Mawr") will be

13 entitled to an allowed secured claim equal to the replacement value of the machinery & equipment

14 securing the claim as agreed by the Reorganized Debtor and Regents/Bryn Mawr, or, if agreement

15 cannot be reached, as determined by the Court. The claim will be amortized and paid in monthly

16 payments over a term of 60 months from the Effective Date, with interest at the rate of 7.00% per

17 annum. The Reorganized Debtor and the Regents/Bryn Mawr will enter into mutually acceptable

18 notes, security agreements, and other loan documents containing Regents/Bryn Mawr's customary

19 terms and conditions for loans and obligations of the types described above to implement the

20 treatment afforded to Regents/Bryn Mawr claims under the Plan. The Reorganized Debtor will be

21 free to prepay all or any portion of the amounts owing to Regents/Bryn Mawr at any time without

22 any charge or prepayment penalty.

23 Regents/Bryn Mawr will retain its liens and security interests in all machinery & equipment

24 securing its claims and the Reorganized Debtor will maintain insurance on such machinery &

25 equipment in accordance with the terms of the modified contract with Regents/Bryn Mawr. In the

26 event of default, Regents/Bryn Mawr will have all rights and remedies under the modified contract.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 12

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL    Doc 296    Filed 08/28/20    Ent. 08/28/20 10:00:59    Pg. 23 of 41

1    Class 3 is impaired.

2        **4.4    Class 4:  Regents Capital/Sumitomo Machinery & Equipment Finance Claims.**

3        Regents Capital and Sumitomo ("Regents/Sumitomo") will be entitled to an allowed

4    secured claim equal to the replacement value of the machinery & equipment securing the claim as

5    agreed by the Reorganized Debtor and Regents/Sumitomo, or, if agreement cannot be reached, as

6    determined by the Court. The claim will be amortized and paid in monthly payments over a term

7    of 60 months from the Effective Date, with interest at the rate of 7.00% per annum. The

8    Reorganized Debtor and the Regents/Sumitomo will enter into mutually acceptable notes, security

9    agreements, and other loan documents containing Regents/Sumitomo's customary terms and

10   conditions for loans and obligations of the types described above to implement the treatment

11   afforded to Regents/Sumitomo claims under the Plan.  The Reorganized Debtor will be free to

12   prepay all or any portion of the amounts owing to Regents/Sumitomo at any time without any

13   charge or prepayment penalty.

14       Regents/Sumitomo will retain its liens and security interests in all machinery & equipment

15   securing its claims and the Reorganized Debtor will maintain insurance on such machinery &

16   equipment in accordance with the terms of the modified contract with Regents/Sumitomo. In the

17   event of default, Regents/Sumitomo will have all rights and remedies under the modified contract.

18   Class 4 is impaired.

19       **4.5    Class 5:  CIT Bank Machinery & Equipment Finance Claims.**

20       Regents Capital and CIT Bank ("CIT Bank") will be entitled to an allowed secured claim

21   equal to the replacement value of the machinery & equipment securing the claim as agreed by the

22   Reorganized Debtor and CIT Bank, or, if agreement cannot be reached, as determined by the Court.

23   The claim will be amortized and paid in monthly payments over a term of 60 months from the

24   Effective Date, with interest at the rate of 7.00% per annum. The Reorganized Debtor and CIT

25   Bank will enter into mutually acceptable notes, security agreements, and other loan documents

26   containing CIT Bank's customary terms and conditions for loans and obligations of the types

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 13

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL    Doc 296    Filed 08/28/20    Ent. 08/28/20 10:00:59    Pg. 24 of 41

1  described above to implement the treatment afforded to CIT Bank claims under the Plan. The

2  Reorganized Debtor will be free to prepay all or any portion of the amounts owing to CIT Bank at

3  any time without any charge or prepayment penalty.

4  CIT Bank will retain its liens and security interests in all machinery & equipment securing

5  its claims and the Reorganized Debtor will maintain insurance on such machinery & equipment in

6  accordance with the terms of the modified contract with CIT Bank. In the event of default, CIT

7  Bank will have all rights and remedies under the modified contract. Class 5 is impaired.

8  **4.6** **Class 6: DIP Lenders' Claims**.

9  Bruce Rhine's, Reid Langrill's, Hoang Nguyen's, and other Court approved participating

10  DIP lender(s)'s ("DIP Lenders") claims for postpetition financing, including interest, fees, and

11  charges associated therewith, will be converted to equity in the Reorganized Debtor in full

12  satisfaction of the DIP Lenders' claims pursuant to Section 6.1 of the Plan. Class 6 is impaired.

13  **4.7** **Class 7: Administrative Convenience Claims**.

14  Class 7 consists of all Allowed non-priority unsecured Claims of $1,500 or less, and all

15  Allowed non-priority unsecured Claims of those creditors who elect to reduce their Claims to

16  $1,500. Such Claims will be paid by the Reorganized Debtor in full with interest at the Plan

17  Interest Rate in six consecutive equal quarterly installments commencing on the first day of the

18  second calendar month following the Effective Date, or if later the Allowance Date. Class 7 is

19  impaired.

20  **4.8** **Class 8:  General Unsecured Claims.**

21  Holders of Allowed General Unsecured Claims will be entitled to elect on the ballot for

22  acceptance or rejection of the Plan, one of the following options. **Failure to submit a ballot or**

23  **elect an option will be deemed an election for Option One**:

24  (a)  Option One.  The Reorganized Debtor will pay to the holders of Allowed General

25  Unsecured Claims electing Option One twenty percent (20%) of the Allowed amount of such

26  claims plus interest at 2.5% per annum in the following installments of principal plus accrued

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 14

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  interest on the remaining balance owed:

2             March 1, 2021:  1% + accrued interest;

3             March 1, 2022:  2% + accrued interest;

4             March 1, 2023:  3% + accrued interest;

5             March 1, 2024:  4% + accrued interest;

6             March 1, 2025:  5% + accrued interest; and,

7             March 1, 2026:  5% + accrued interest.

8        (b)      Option Two:   The Reorganized Debtor will pay to the holders of Allowed General

9  Unsecured Claims electing Option Two:

10        (1)      ten percent (10%) of the Allowed amount of such claims plus interest at

11  2.5% per annum in the following installments of principal plus accrued interest on the remaining

12  balance owed:

13             March 1, 2023:  2% + accrued interest;

14             March 1, 2024:  2% + accrued interest;

15             March 1, 2025:  3% + accrued interest; and,

16             March 1, 2026:  3% + accrued interest.

17        -plus-

18        (2)      up to twenty-five percent (25%) of the Allowed amount of such claims, to

19  be paid in annual installments from 30% of the Reorganized Debtor's Net Profits accrued after

20  Columbia State Bank has been paid in full for Portion B of its Class 2 Claim.  Once Columbia

21  State Bank's Portion B claim has been paid in full, Net Profits payments to Class 8 creditors

22  electing Option Two will begin to accrue and will become due and payable out of 30% of the

23  Reorganized Debtor's annual Net Profits.  Such payments from Net Profits will be made annually

24  on or before May 1 of the year following the year in which the Net Profits are accrued.  If the full

25  25% of the allowed amount of the Class 8 Claims electing Option Two has not been paid out of

26  Net Profits once the final payment due from the 2025 Net Profits has been made, no further

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 15

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL    Doc 296    Filed 08/28/20    Ent. 08/28/20 10:00:59    Pg. 26 of 41

1    payments from Net Profits will be owed to Class 8 creditors electing Option Two.

2          In the event substantially all of the stock/equity interests in the Reorganized Debtor, or

3    substantially all of its assets, are sold in a stock/equity or asset sale and all amounts owing under

4    the Plan to Class 8 creditors have not been fully paid, any remaining unpaid amounts will be paid

5    in full upon closing of the sale.  Class 8 is impaired.

6          **4.9    Class 9:  Equity Interests.**

7          Class 9 consists of all membership interests in the Debtor existing as of the Petition Date

8    ("Prepetition Equity").  All Prepetition Equity will be cancelled and will not receive any

9    distribution on account of their prepetition membership interests.  Class 9 is impaired and is

10   deemed to have rejected the Plan.

11   **5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**

12         **5.1    Assumed Employee and Retiree Benefit Plans**.

13         To the extent not previously assumed, all employee and retiree benefit plans to which the Debtor

14   is a party will be deemed assumed by the Reorganized Debtor on the Effective Date.

15         **5.2    Assumed Leases**.

16         The Debtor's nonresidential real property lease with Sifton Industrial, LLC ("Sifton") for

17   the Debtor's headquarters building and manufacturing facility located at 6317 NE 131st Ave, Suite

18   103, Vancouver, Washington 98682, will be assumed by the Reorganized Debtor on the Effective

19   Date, subject to any modifications agreed to between the Debtor and Sifton prior to confirmation

20   of the Plan.  Upon the Effective Date, all defaults will be promptly cured, including payment of

21   Sifton's attorney's fees incurred in this case.

22         **5.3    General; Rejected if Not Assumed.**

23         Subject to the requirements of Section 365, all executory contracts and unexpired leases of the

24   Debtor that have not been assumed by order of the Bankruptcy Court, are not assumed pursuant to

25   the terms of this Plan, and are not the subject of a motion to assume pending on the Confirmation

26   Date, will be deemed rejected by the Debtor on the Effective Date. If any party to an executory

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 16

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1     contract or unexpired lease that is being assumed objects to such assumption, the Bankruptcy Court

2     may conduct a hearing on such objection on any date that is either mutually agreeable to the parties

3     or fixed by the Bankruptcy Court. All payments to cure defaults that may be required under

4     Section 365(b)(1) of the Bankruptcy Code will be made by the Reorganized Debtor. In the event

5     of a dispute regarding the amount of any such payments, or the ability of the Reorganized Debtor

6     to provide adequate assurance of future performance, the Reorganized Debtor will make any

7     payments required by Section 365(b)(1) of the Bankruptcy Code after the entry of the Final Order

8     resolving such dispute.

9         **5.4**    <u>**Claims for Contract Rejection**</u>. All proofs of claim with respect to Claims arising

10     from the rejection of executory contracts or unexpired leases must be filed with the Bankruptcy

11     Court within 30 days after the Effective Date or such Claims will be forever barred. If any order

12     providing for the rejection of an executory contract or unexpired lease did not provide a deadline

13     for the filing of Claims arising from such rejection, proofs of Claim with respect thereto must be

14     filed within 30 days after the later to occur of (a) the Effective Date or, (b) if the order is entered

15     after the Effective Date, the date such order becomes a Final Order, or such Claims will be forever

16     barred.

17     **6.**     <u>**MEANS FOR IMPLEMENTATION OF THE PLAN.**</u>

18         **6.1**    <u>**Capitalization and Issuance of Membership Interests**</u>.

19         Upon the Effective Date, (a) the DIP Lenders' will convert their claims totaling $700,000,

20     plus interest, fees, and charges due under the Debtor-in-Possession Credit Agreement approved by

21     the Court, to membership interests in the Reorganized Debtor, (b) the Debtor's Professionals, at

22     their option, may convert up to 25%, not to exceed $200,000 in the aggregate, of their Allowed

23     Administrative Expense Claims to membership interests in the Reorganized Debtor, and (3) the

24     other Equity Investors will deposit at least $800,000 but not more than $2,057,551 with the

25     Reorganized Debtor for their membership interests in the Reorganized Debtor. The DIP Lenders

26     will each be entitled to receive 1.50 membership shares for each dollar ($1) of claims converted to

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    equity, the Debtor's Professionals will be entitled to receive 1.00 membership share for each dollar

2    ($1) of Allowed Administrative Expense claims converted to equity, and the other Equity Investors

3    will be entitled to 1.00 membership share for each dollar ($1) contributed to equity upon

4    confirmation of the Plan.

5           As of the Effective Date, the certificate of formation and the operating agreement of the

6    Reorganized Debtor will be modified and amended to the extent required by §1123(a)(6) of the

7    Bankruptcy Code to prohibit the issuance of non-voting equity securities, and as to the several

8    classes of equity interests possessing voting power, an appropriate distribution of such power

9    among such classes, including, in the case of any class of equity interests having a preference over

10   another class of equity interests with respect to dividends, adequate provisions for the election of

11   directors representing such preferred class in the event of default in the payment of such dividends.

12          **6.2    Post-Confirmation Business Operations.**

13          The Reorganized Debtor will continue to operate the Debtor's business following

14   confirmation of the Plan and use the income generated therefrom to pay the Reorganized Debtor's

15   ongoing operating expenses and to make payments to creditors required by the Plan.   The

16   Reorganized Debtor will have sole authority to pursue the Debtor Actions, including without

17   limitation the pursuit of any actions under Chapter 5 of the Bankruptcy Code.  The Committee will

18   remain in place following confirmation and until the General Unsecured Creditors' claims have

19   been paid to consult with the Reorganized Debtor regarding it business operations and its

20   management, and will be entitled to receive monthly financial reports and other information

21   reasonably requested by the Committee.  The Reorganized Debtor will provide up to $2,000 per

22   year to pay the Committee's legal expenses.  Clyde Hamstreet & Associates will remain involved

23   as a consultant after the Effective Date to provide business and accounting advice and to aid in the

24   search for a chief executive officer and other management personnel as needed.

25          **6.3    Closing**.

26          Closing will be conducted in the offices of Sussman Shank LLP, or at such other location

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 18

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    designated by the Reorganized Debtor, at 10:00 a.m. on one or more Business Days selected by

2    the Reorganized Debtor on, or as soon as reasonably practicable, after the Effective Date for the

3    purpose of the Reorganized Debtor executing and delivering the Plan Documents and completing

4    those actions necessary for the Reorganized Debtor to make the payments and distribute property

5    as required by the terms of the Plan.  As soon as practicable after the Effective Date, the

6    Reorganized Debtor will give written notice of the Closing to any Claimant or other Person or

7    Entity that will be directly involved in the Closing.

8        **6.4    Performance of Post-Confirmation Obligations**.

9        The Reorganized Debtor will:

10            (a)    in accordance with applicable law, and in the exercise of its business

11    judgment, review all claims filed against its estate and if advisable, object to such claims; and

12            (b)    perform all of its obligations under this Plan and Plan Documents,

13    in each case, as and when the same become due or are to be performed.

14        The Reorganized Debtor will, in the exercise of its business judgment, investigate,

15    prosecute, settle, or dismiss all Debtor Actions not otherwise resolved prior to or under this Plan.

16        **6.5    Objections to Claims**.

17        Objections to a Claim, as to which no objection is pending as of the Effective Date, must

18    be filed by the Claims Objection Bar Date.  Objections to such Claims may be filed by the

19    Reorganized Debtor, the Committee, any Claimant, or any other party in interest.

20        **6.6    Provisions Governing Distributions**.

21        **6.6.1    Distribution Only to Holders of Allowed Claims.**  Except as otherwise

22    provided in this Section 6.6.1, distributions under this Plan and the Plan Documents will be made

23    only to the holders of Allowed Claims.  Until a Disputed Claim becomes an Allowed Claim, the

24    holder of that Disputed Claim will not receive any distribution otherwise provided to the Claimants

25    under this Plan or the Plan Documents. If necessary in determining the amount of a pro rata

26    distribution due to the holders of Allowed Claims in any class, the Reorganized Debtor will make

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 19

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL    Doc 296    Filed 08/28/20    Ent. 08/28/20 10:00:59    Pg. 30 of 41

1 the pro rata calculation as if all Unresolved Claims were Allowed Claims in the full amount

2 claimed or in the Estimated Amount.

3       Pending resolution of an Unresolved Claim, the amount that would be distributed to the

4 holder of such Claim if Allowed, based on the full amount claimed or in the Estimated Amount,

5 will be deposited by the Reorganized Debtor in a segregated account (the "Unresolved Claims

6 Account"). When an Unresolved Claim in any class becomes an Allowed Claim, the Reorganized

7 Debtor will make distributions with respect to such Allowed Claim from the Unresolved Claims

8 Account, together with any allowable interest accrued on the amount of each such distribution to

9 the date thereof, net of any setoff contemplated by the order, if any, allowing such Claim and/or

10 any required withholding of applicable federal and state taxes.

11       **6.6.2   Transmittal of Distributions.** Except as otherwise provided in this Plan,

12 in the Plan Documents, or in an order of the Bankruptcy Court, distributions to be made under this

13 Plan or the Plan Documents to Claimants holding Allowed Claims will, in each case, be made by

14 the Reorganized Debtor by first class United States mail, postage prepaid: (a) to the latest mailing

15 address set forth in a proof of claim filed with the Bankruptcy Court by or on behalf of such

16 Claimant, or to such other address as may be provided to the Reorganized Debtor by such Claimant

17 in writing; or (b) if no such proof of claim has been filed and no written notice setting forth a

18 mailing address is provided by or on behalf of such Claimant to the Reorganized Debtor to the

19 mailing address set forth in the schedules filed by the Debtor in this Case. If a Claimant's

20 distribution is not mailed or is returned to the Reorganized Debtor because of the absence of a

21 proper mailing address, the Reorganized Debtor shall make a reasonable effort to locate or

22 ascertain the correct mailing address for such Claimant from information generally available to the

23 public and from such party's own records, but shall not be liable to such Claimant for having failed

24 to find a correct mailing address.

25       **6.6.3   Timing of Distributions.** Unless otherwise agreed by the Reorganized

26 Debtor and the recipient of the distribution under this Plan or the Plan Documents, whenever any

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 20

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL   Doc 296   Filed 08/28/20   Ent. 08/28/20 10:00:59   Pg. 31 of 41

1  payment to be made is due on a day other than a Business Day, such payment will instead be made

2  on the next Business Day, with interest to the extent expressly contemplated by this Plan or any

3  applicable agreement or instrument.

4        **6.6.4  Form of Distributions.**  Unless otherwise agreed by the Reorganized

5  Debtor and the recipient of the distribution under this Plan or the Plan Documents, all Cash

6  payments to be made by the Reorganized Debtor pursuant to this Plan or the Plan Documents will

7  be made, at the option of the Reorganized Debtor by a check or wire transfer.

8        **6.6.5  No Professional Fees or Expenses.**  No professional fees or expenses will

9  be paid by a Reorganized Debtor to the holder of any Claim except as specified in this Plan, or as

10  Allowed by Final Order of the Bankruptcy Court, as applicable.

11        **6.7  <u>Closing of the Case</u>.**

12        As soon as practicable after the Effective Date, and when the Reorganized Debtor deems

13  appropriate, the Reorganized Debtor will seek authority from the Court to close the Case in

14  accordance with the Bankruptcy Code and the Bankruptcy Rules; provided, however, that entry of

15  a final decree closing the Case shall, whether or not specified therein, be without prejudice to the

16  right of the Reorganized Debtor or other party in interest to reopen the Case for any matter over

17  which the Court has retained jurisdiction under this Plan.  Any order closing a Case will provide

18  that the Bankruptcy Court (i) will retain jurisdiction to enforce, by injunctive relief or otherwise,

19  the Confirmation Order, any other orders entered in this Case, and the obligations created by this

20  Plan and the Plan Documents; (ii) will retain jurisdiction over any adversary proceedings or

21  contested matters that remain pending upon closure of the case; and (iii) will retain all other

22  jurisdiction and authority granted to it under this Plan and the Plan Documents.

23  **7.  <u>CONDITIONS PRECEDENT</u>.**

24        **7.1  <u>Conditions to Effectiveness</u>.**

25        The Effective Date will occur and the Plan will become effective when each of the

26  following conditions have been satisfied or waived in accordance with Section 7.2 of this Plan:

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 21

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL    Doc 296    Filed 08/28/20    Ent. 08/28/20 10:00:59    Pg. 32 of 41

1         (a)     the Bankruptcy Court shall have entered the Confirmation Order in form

2 and substance reasonably acceptable to the Debtor; and

3         (b)     no stay of the Confirmation Order shall be in effect.

4     **7.2**    **Waiver of Conditions**.

5 Any condition set forth in Section 7.1 of this Plan may be waived by the Debtor.

6 **8.**    **EFFECTS OF PLAN CONFIRMATION.**

7     **8.1**    **Discharge.**

8 On the Effective Date, and except as provided in this Plan or the Confirmation Order, the

9 Debtor will receive a discharge pursuant to Section 1141(d)(1) of the Code. Upon receipt of its

10 discharge, except for its obligations under this Plan, the Debtor and Reorganized Debtor will be

11 discharged from all liability on any and all Claims and Debts, known or unknown, whether or not

12 giving rise to a right to payment or an equitable remedy, that arose, directly or indirectly, from any

13 action, inaction, event, conduct, circumstance, happening, occurrence, agreement, or obligation of

14 the Debtor, or any of the Debtor's Representatives before the Confirmation Date, or that otherwise

15 arose before the Confirmation Date, including, without limitation, all interest, if any, on any such

16 Claims and Debts, whether such interest accrued before or after the date of commencement of this

17 Case, and from any liability of the kind specified in Sections 502(g), 502(h), and 502(i) of the

18 Bankruptcy Code, whether or not a proof of claim is filed or is deemed filed under Section 501 of

19 the Bankruptcy Code, such Claim is Allowed under this Plan, or the holder of such Claim has

20 accepted this Plan.

21     **8.2**    **Vesting.**

22 Except as otherwise expressly provided in this Plan or in the Confirmation Order, on the

23 Effective Date, the Reorganized Debtor will be vested with all of the property of the Estate free

24 and clear of all Claims, liens, encumbrances, charges and other interests of Creditors and

25 Claimants. As of the Effective Date, the Reorganized Debtor may hold, use, dispose, and

26 otherwise deal with such property and conduct its affairs free of any restrictions imposed by the

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 22

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1 Bankruptcy Code or by the Bankruptcy Court, other than those restrictions expressly imposed by

2 the Plan, the Confirmation Order, or the Plan Documents.

3      **8.3**    ***Exculpation And Limitation Of Liability.***

4      ***None of the Released Parties will have or incur any liability to, or be subject to any right***

5 ***of action by, any holder of a Claim, any other party in interest, or any of their respective agents,***

6 ***employees, representatives, financial advisors, attorneys, or affiliates, or any of their successors***

7 ***or assigns, for any act or omission in connection with, relating to, or arising out of the Case,***

8 ***including the exercise of their respective business judgment and the performance of their***

9 ***respective fiduciary obligations, the pursuit of confirmation of the Plan, or the administration***

10 ***of the Plan, except liability for their willful misconduct, negligence, or breach of fiduciary duty,***

11 ***and in all respects, such parties will be entitled to reasonably rely upon the advice of counsel***

12 ***with respect to their duties and responsibilities under the Plan or in the context of the Case.***

13 **9.**     **MISCELLANEOUS PROVISIONS.**

14      **9.1**    **Retention of Jurisdiction.**

15      Notwithstanding entry of the Confirmation Order or the occurrence of the Effective Date,

16 and except as otherwise specifically set forth in this Section 9.1, the Bankruptcy Court will retain

17 jurisdiction over all matters arising under, in furtherance of, or in connection with this Plan,

18 including those matters specifically described in this Section 9.1 below.

19      The matters over which the Bankruptcy Court shall retain jurisdiction over this Plan

20 include:

21        (a)    determine any Unresolved Claims;

22        (b)    determine the Estimated Amount of any Claim;

23        (c)    determine requests for payment of Claims entitled to priority under Section

24 507 of the Bankruptcy Code, including compensation of and reimbursement of expenses of parties

25 entitled thereto;

26        (d)    resolve   controversies   and   disputes   regarding   the   modification,

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  interpretation, and implementation of this Plan and the Plan Documents;

2          (e)     enter orders in aid of this Plan and the Plan Documents including, without

3  limitation, appropriate orders (which may include contempt or other sanctions) to protect the

4  Reorganized Debtor from actions prohibited under this Plan or the Plan Documents;

5          (f)     modify this Plan;

6          (g)     determine any and all applications, adversary proceedings, and contested or

7  litigated matters pending on, or filed after, the Effective Date, including without limitation, Debtor

8  Actions;

9          (h)     determine any and all pending motions for the assumption or rejection of

10 executory contracts or leases, and to hear and determine, and if need be to liquidate, any and all

11 Claims arising therefrom; and

12         (i)     enter orders closing the Case.

13     **9.2**    <u>**Modification of Plan.**</u>

14      The Debtor reserves the right, in accordance with the Bankruptcy Code, to amend, modify,

15 or withdraw this Plan prior to the entry of the Confirmation Order.  After the entry of the

16 Confirmation Order, the Debtor or Reorganized Debtor may, upon order, amend or modify this

17 Plan in accordance with Section 1127(b) of the Bankruptcy Code.

18     **9.3**    <u>**Severability.**</u>

19      In the event of a successful collateral attack on any provision of this Plan (i.e., an attack

20 other than through a direct appeal of the Confirmation Order), the remaining provisions of this

21 Plan will remain binding on the Debtor, the Reorganized Debtor, all Claimants, all Creditors, and

22 all other parties in interest.

23     **9.4**    <u>**Post-Confirmation Professional Fees and Expenses.**</u>

24      All professional fees and expenses incurred by the Reorganized Debtor, and up to $2,000

25 per year for the Committee, after the Effective Date, including prior to closing of the Case, will be

26 paid in the ordinary course of business of the Reorganized Debtor without the need for approval

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1   by the Bankruptcy Court. The Bankruptcy Court will retain jurisdiction to resolve any dispute with

2   respect to such fees or expenses upon application by the affected professional or the Reorganized

3   Debtor.

4         **9.5**     **Headings**.

5         The headings of the sections and paragraphs of this Plan are inserted for convenience only

6   and will not affect the interpretation hereof.

7         **9.6**     **Computation of Time Periods**.

8         In computing any period of time prescribed or allowed by this Plan, the day of the act,

9   event, or default from which a designated period of time begins to run will not be included. The

10  last day of the period so computed will be included so long as it is a Business Day.  When the

11  period of time prescribed or allowed is less than 14 days, any day that is not a Business Day will

12  be excluded in the computation.

13        **9.7**     **Notices**.

14        All notices or requests to the Reorganized Debtor in connection with this Plan shall be in

15  writing and served either by (i) United States mail, postage prepaid, (ii) hand delivery, or

16  (iii) reputable overnight delivery service, all charges prepaid, and shall be deemed given when

17  received.

18        All notices and requests to a Person or Entity holding any Claim will be sent to them at

19  their last known address or to the last known address of their attorney of record. The Debtor, the

20  Reorganized Debtor, and any holder of a Claim may designate in writing any other address, which

21  designation will be effective upon actual receipt by the Debtor, Reorganized Debtor, or by the

22  holder of the Claim.  Any Person or Entity entitled to receive notice under this Plan will have the

23  obligation to provide the Reorganized Debtor with such Person's or Entity's current address for

24  notice purposes.  The Reorganized Debtor will have no obligation to attempt to locate a more

25  current address in the event any notice proves to be undeliverable to the most recent address which

26  has been provided to the Reorganized Debtor.

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 25

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    **9.8    Post-Confirmation Court Approval.**

2         Any action requiring Bankruptcy Court approval after the Effective Date will require the

3    Person or Entity seeking such approval to file an application, motion, or other request with the

4    Bankruptcy Court and obtain a Final Order approving such action before the requested action may

5    be taken.  The Person or Entity filing such application, motion, or other request shall serve such

6    application, motion, or other request, together with a notice setting forth the time in which

7    objections must be filed with the court, on the Reorganized Debtor and other affected parties by

8    first-class mail, electronic mail, overnight courier, facsimile, or hand delivery.  Unless the Court

9    orders otherwise, all applications, motions, and other requests shall be filed and notice thereof

10   served at least 21 days prior to the hearing thereon.  Unless the Court orders otherwise, any

11   objections to the application, motion, or other request shall be filed and served at least seven days

12   prior to the hearing.  If no objection is timely filed, the Court may authorize the proposed action

13   without further notice or a hearing.  If an objection is timely filed, the Court will determine whether

14   to conduct a hearing, or to require the submission of further documentation, prior to ruling on the

15   application, motion, or other request.

16   **9.9    Election Pursuant to Section 1129(b) of the Bankruptcy Code.**

17        The Debtor hereby requests confirmation of the Plan pursuant to Section 1129(b) of the

18   Bankruptcy Code if the requirements of all provisions of Section 1129(a) of the Bankruptcy Code,

19   except paragraph (a)(8) thereof, are met with regard to the Plan.  In determining whether the

20   requirements of Section 1129(a)(8) of the Bankruptcy Code have been met, any Class or subclass

21   of a Class that does not contain as an element thereof an Allowed Claim or a Claim temporarily

22   allowed under Bankruptcy Rule 3018 as of the date fixed by the Bankruptcy Court for filing

23   acceptances or rejections of this Plan shall be deemed deleted from this Plan for purposes of voting

24   to accept or reject this Plan and for purposes of determining acceptance or rejection of this Plan

25   by such Class or subclass.

26   //

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    **9.10    Consummation of the Plan.**

2    The Debtor reserves the right to request that the Confirmation Order include (i) a finding

3    by the Court that Bankruptcy Rule 3020(e) shall not apply to the Confirmation Order, and (ii) the

4    Court's authorization for the Debtor and Reorganized Debtor to consummate the Plan immediately

5    after entry of the Confirmation Order.

6    **9.11    Exemption from Transfer Taxes.**

7    Pursuant to Section 1146(a) of the Bankruptcy Code, the delivery of any deed or other

8    instrument of transfer under, in furtherance of, or in connection with this Plan, whether occurring

9    prior or subsequent to the Confirmation Date, including any deeds, bills of sale, or assignments

10   executed in connection with any disposition of assets contemplated by this Plan, shall not be

11   subject to any stamp tax, real estate transfer tax, excise tax, sales tax, use tax or other similar tax.

12   **9.12    Waivers.**

13   Except as otherwise provided in the Plan or in the Confirmation Order, any term of the

14   Plan may be waived by the party benefited by the term to be waived.

15   **9.13    Setoffs, Recoupments, and Defenses.**

16   Nothing contained in the Plan shall constitute a waiver or release by the Debtor or

17   Reorganized Debtor of any rights of setoff or recoupment, or of any defense, they may have with

18   respect to any Claim (including, without limitation, rights under Section 502(d)) of the Bankruptcy

19   Code.  Except as otherwise provided in the Plan or in the Confirmation Order or in agreements

20   previously approved by a Final Order, the Reorganized Debtor may, but will not be required to,

21   set off against any Claim or any distributions with respect to such Claim any and all of the claims,

22   rights, and causes of action of any nature that the Debtor or Reorganized Debtor, as applicable,

23   may hold against the holder of such Claim; provided, however, that neither the failure to effect

24   such a setoff, the allowance of any Claim hereunder, the payment of any distribution hereunder or

25   any other action or omission of the Debtor or Reorganized Debtor, nor any provision of the Plan,

26   shall constitute a waiver or release by the Debtor or the Reorganized Debtor, as applicable, of any

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 27

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL    Doc 296    Filed 08/28/20    Ent. 08/28/20 10:00:59    Pg. 38 of 41

1  such claims, rights, and causes of action that the Debtor or the Reorganized Debtor, as applicable,

2  may possess against such holder.

3  **9.14** **Compromise of Controversies.**

4  In consideration for the classification, distributions, and other benefits provided under the

5  Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all

6  Claims or controversies resolved pursuant to the Plan. The entry of the Confirmation Order shall

7  constitute the Court's approval of each of the compromises and settlements provided for in the

8  Plan, and the Court's findings shall constitute its determination under the standards of Bankruptcy

9  Rule 9019 that such compromises and settlements are in the best interests of the Debtor and the

10 Estate. The Debtor expressly reserves the right (with Court approval, following appropriate notice

11 and opportunity for a hearing) to compromise and settle other Claims and Debtor Actions up to

12 and including the Effective Date.

13 **9.15** **Withdrawal or Revocation of the Plan.**

14 The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation

15 Date. If the Plan is revoked or withdrawn, or if the Confirmation Date does not occur, the Plan

16 shall have no force and effect and in such event nothing contained herein shall be deemed to

17 constitute a waiver or release of any claims by or against the Debtor or the Estate or any other

18 Person or Entity, or to prejudice in any other manner the rights of the Debtor or any other entity in

19 further proceedings involving the Debtor and specifically shall not modify or affect the rights of

20 any party under any prior orders of the Court.

21 **9.16** **Default.**

22 Except as otherwise provided in the Plan or in the Confirmation Order, in the event the

23 Reorganized Debtor should default in the performance of any of its obligations under the Plan or

24 under any of the Plan Documents and shall not have cured such a default within any applicable

25 cure period (or, if no cure period is specified in the Plan or Plan Documents or in any instrument

26 issued to or retained by a Claimant under the Plan, then within 30 days after receipt of written

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 28

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    notice of default), then the entity to whom the performance is due may pursue such remedies as

2    are available under the Plan, at law, or in equity. An event of default occurring with respect to one

3    Claim shall not be an event of default with respect to any other Claim.

4          **9.17**    **Filing and Payment of Allowed Administrative Expenses**.

5          All requests for the payment of Administrative Expenses must be filed with the Bankruptcy

6    Court no later than 30 days after the Effective Date or at such time as the Bankruptcy Court may

7    otherwise order or such claim will be forever barred. Once a Final Order is entered Allowing an

8    Administrative Expense, the Reorganized Debtor will pay such expense in accordance with this

9    Plan.

10          **9.18**    **Payment of United States Trustee Fees**.

11          All fees due to the United States Trustee pursuant to 28 USC § 1930(a) accruing after the

12    Effective Date will be paid by the Reorganized Debtor as and when they become due and will be

13    based on the Reorganized Debtor's total disbursements, including ordinary course of business

14    disbursements as well as disbursements made directly to Claimants under this Plan. Such fee

15    obligations will not terminate until this Case is converted or dismissed, or until this Case is no

16    longer pending upon entry of a Final Order closing this Case, whichever first occurs.

17          **9.19**    **Governing Law.**

18          Except to the extent that federal law (including the Bankruptcy Code or Bankruptcy Rules)

19    is applicable, the rights and obligations arising under the Plan or under the Plan Documents shall

20    be governed by and construed and enforced in accordance with the laws of the state of Washington

21    without giving effect to the principles of conflicts of laws thereof.

22          **9.20**    **Reservation of Rights.**

23          If the Plan is not confirmed, or if the Plan is confirmed and the Effective Date does not

24    occur, the rights of all parties in interest in the Case are and will be reserved in full. Any

25    concessions or settlement reflected herein, if any, are made for purposes of the Plan only, and if

26    the Plan does not become effective, no party in interest in the Case shall be bound or deemed

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 29

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Case 20-40353-BDL   Doc 296   Filed 08/28/20   Ent. 08/28/20 10:00:59   Pg. 40 of 41

1   prejudiced by any such concession or settlement.

2       **9.21    Plan Controls.**

3           To the extent any provision of the Plan Documents is inconsistent with this Plan, the

4   provisions of the Plan shall control.

5       **9.22    Successors and Assigns.**

6           The Plan shall be binding upon and inure to the benefit of the Debtor, the Reorganized

7   Debtor, all Claimants, all Creditors, and all other parties in interest affected thereby and their

8   respective successors, heirs, legal representatives and assigns.

9       **DATED:  August 26, 2020**

10  DEBTOR:

11  COLUMBIA NUTRITIONAL, LLC

12  */s/ Brea Viratos*

13  Brea Viratos, Chief Operating Officer

14  SUSSMAN SHANK LLP

15  */s/ Thomas W. Stilley*

16  Thomas W. Stilley, WSBA # 21718
17  Susan S. Ford, WSBA # 33415
    Attorneys for Debtor

18

19

20

21

22

23

24

25

26

DEBTOR'S FIRST AMENDED PLAN OF
REORGANIZATION DATED JULY 24, 2020 (As Modified
August 26, 2020) - Page 30

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130